UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVO PARTNERS LLC, UZMA KHAN, BROWNSTONE HOUSING CORPORATION, and 158W118 LLC

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

25-CV-2531 (JAV) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

The parties initially agreed to stay discovery in this matter until the earlier of the date the Court decides Defendant's motion to dismiss (ECF 26) and various dates, the latest of which was August 10, 2026. (ECF 41, 50, 52.) The stay expired, and the parties declined to renew it again. (ECF 58.) Thus, Defendant's motion to stay discovery pending a decision on its motion to dismiss the complaint (ECF 26) is before the Court. (*See* ECF 28.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). The party seeking the stay bears the burden of showing good cause for the stay. *See Psychic Readers Network, Inc. v. A&E Television Networks LLC*, No. 24-CV-8155 (DEH), 2025 WL 1380956, at *1 (S.D.N.Y. May 13, 2025). After reviewing the complaint (ECF 1), the memorandum in support of

the motion to dismiss (ECF 27), the memorandum opposing the motion to dismiss (ECF 42), the re-filed reply in further support of the motion to dismiss (ECF 45), the filings in support of the motion for a stay of discovery (ECF 29, 30, 39, 58), and Plaintiffs' responses to the motion to stay discovery (ECF 37, 38, 59, 60), I conclude that Defendant has met its burden of showing that there is good cause for continuing the stay.

As to the scope of discovery, while Plaintiffs characterize the discovery sought as "targeted," (ECF 59 at 1), my review of the discovery requests (ECF 60) indicates that the discovery sought is quite broad, including, as it does, information "not just concerning the sidewalk sheds neighboring [Plaintiffs'] own properties, but concerning every sidewalk shed constructed in the last three years in every borough of the City of New York" and "all documents concerning direct or indirect effects on individuals, businesses, owners, residents, and properties caused by the presence of Sheds." (ECF 30 at 4-5; *see also* ECF 60-1 at 8-12.) While Plaintiffs argue that they would agree to defer depositions until after a decision on the motion to dismiss (ECF 59 at 2), the scope of the anticipated written discovery counsels in favor of a stay. *See Richardson,* 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss also counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of the claims set out in the complaint. Those arguments are supported by case law from courts in this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. It may be the case that Plaintiffs' claims will survive a motion to dismiss. But "in resolving a motion to stay discovery,

the Court's focus is on whether the defendant makes "a strong showing that the [plaintiffs'] claim[s are] unmeritorious and present[s] substantial arguments for dismissal . . . not whether the arguments will ultimately be successful." *Psychic Readers Network,* 2025 WL 1380956, at *2 (internal quotation marks omitted). Because the motion to dismiss may be dispositive of some or all of Plaintiffs' claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2.

To the extent that Plaintiffs' assertion that some of their document requests address factual issues raised by the motion to dismiss (ECF 59 at 1) is intended to suggest there would be prejudice from a continued stay because they need discovery to oppose the motion to dismiss, this argument is unpersuasive: the motion to dismiss will be decided based on the complaint and documents incorporated therein and not on extrinsic documents. The only colorable prejudice to Plaintiffs is the prejudice present in virtually every case in which a stay is sought – "the reasonable delay typical in cases where discovery has been stayed pending resolution of a motion to dismiss." *Psychic Readers Network,* 2025 WL 1380956, at *2. Defendant is obligated to preserve the documents that are relevant to this case, and there is no basis to conclude that Defendant will fail to meet that obligation.

For the foregoing reasons, Defendant's motion to stay discovery (ECF 28) is GRANTED. Discovery is stayed until seven days after the motion to dismiss is decided by the Court.

DATED: August 12, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge